**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                        Criminal Case No. 2:06cr96

ROBERT MARK ALBERONI,

      Defendant.

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on July 19, 2006, on the United States Government's Motion to Detain Defendant.  For the reasons set forth below, the Court FINDS that Defendant's detention pending trial is warranted.

On July 13, 2006, a federal grand jury issued an indictment charging Defendant with the following offenses: one count of conspiracy to interfere with commerce by threats of violence while committing robbery, in violation of 18 U.S.C. § 1951; two counts of interference with commerce by threats or violence while committing robbery, in violation of 18 U.S.C. § 1951; two counts of using, carrying a firearm during and in relation to, and possession a firearm in furtherance of, and brandishing a firearm during crimes of violence, in violation of 18 U.S.C. § 924(c)(1); and one count of opening and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1).

Defendant declined to put on evidence regarding his detention

and waived his detention hearing. A defendant may waive the right to a detention hearing guaranteed to him by 18 U.S.C. § 3142(f). See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing within the time requirements of 18 U.S.C. § 3142(f)). In accepting Defendant's waiver, the Court notes that Defendant is charged with crimes of violence.

In reaching its determination herein, and accepting Defendant's waiver of his right to a detention hearing, the Court took into account Defendant's demeanor and concluded that he understood the nature and consequences of his waiver of his rights to a detention hearing. The Court notes that Defendant was represented by counsel at the detention hearing.

Accordingly, the Court FINDS that Defendant should be detained pending trial. The Court therefore ORDERS Defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

                                                      /s/
                                     F. Bradford Stillman
                                     United States Magistrate Judge

Norfolk, Virginia

July 19, 2006